**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARCO ANTONIO RENE HUERTAS FALCON,<br><br>Petitioner,<br><br>v.<br><br>JONATHAN FLORENTINO, et al.<br><br>Respondents. | Civil Action No. 25-17164 (KMW)<br><br>**OPINION** |

This matter comes before the court upon the amended habeas petition of Marco Antonio Rene Huertas Falcon ("Petitioner") pursuant to 28 U.S.C. § 2241, challenging the legality of his continued immigration detention under 8 U.S.C. § 1225(b)(2)(A). (ECF No. 2.) The Government filed an answer to the petition (ECF No. 6), and Petitioner submitted a response. (ECF No. 7.) For the reasons that follow, the Court concludes that Petitioner's mandatory detention under § 1225(b) violates the INA and the Due Process Clause of the Fifth Amendment. The petition is therefore granted and the Government shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) before an immigration judge within seven days.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

Petitioner Marco Antonio Rene Huertas Falcon is a citizen and national of Peru who entered the United States on or about May 20, 2022, after presenting himself at a port of entry and requesting asylum. (ECF No. 2 at 12.) Following his initial encounter with immigration authorities, Petitioner was processed and released pursuant to the discretionary detention authority set forth in 8 U.S.C. § 1226(a). (*Id.*)

In May 2023, after DHS had not yet filed a Notice to Appear, Petitioner filed an affirmative asylum application with U.S. Citizenship and Immigration Services ("USCIS"). (*Id.*) Rather than adjudicating that application, USCIS dismissed it and required Petitioner to undergo a credible fear interview in 2025. (*Id.*) On October 31, 2025, Petitioner appeared for the rescheduled credible fear interview at the USCIS office in Newark, New Jersey. (*Id.*) He received a positive credible fear determination the same day. (*Id.*)

Immediately following that determination, Immigration and Customs Enforcement ("ICE") officers apprehended Petitioner and placed him into custody. (*Id.*) He was transferred to the Delaney Hall Detention Facility in Newark, New Jersey, where he has remained detained since October 31, 2025. (*Id.* at 12-13.) DHS subsequently issued a Notice to Appear charging Petitioner as inadmissible under 8 U.S.C. §§ 1182(a)(6) and 1182(a)(7), and initiated removal proceedings before the Newark Immigration Court. (ECF No. 2 at 3). A master calendar hearing was scheduled for December 1, 2025. (*Id.*)

On November 5, 2025, Petitioner filed the instant amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the legality of his continued detention. (ECF No. 2). Petitioner alleges that Respondents are unlawfully detaining him under the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A), thereby denying him eligibility for an individualized bond hearing. (*Id.* at 4.) He contends that, because he was apprehended in the interior of the United States after a substantial period of presence, his detention is governed by 8 U.S.C. § 1226(a). (*Id.*)

The petition is now ripe for disposition.

## II. LEGAL STANDARD

### A. Habeas Jurisdiction

Under 28 U.S.C. § 2241, federal district courts retain jurisdiction to review the legality of executive detention, including immigration custody. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003). A district court may grant habeas relief if the petitioner "is in custody in violation of the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Jurisdiction lies in the district of initial custody and is unaffected by subsequent transfers. *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 445–446 (3d Cir. 2021); *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004).

### B. Statutory Detention Authority

The Immigration and Nationality Act provides two principal sources of prefinal removal order detention authority. First, § 1225(b) mandates detention of certain "applicants for admission" – persons seeking entry who have not been formally admitted. Such individuals are subject to mandatory detention during inspection and removal processing. Second, § 1226(a) authorizes—but does not require—detention of noncitizens already "present in the United States," subject to discretionary bond proceedings.

The distinction between § 1225(b) and § 1226(a) is critical. Under § 1225(b), detention is mandatory and typically brief. Under § 1226(a), detention is discretionary and constitutionally constrained by due process. Detention under § 1226(a) attaches where DHS encounters a noncitizen within the interior after admission or after a substantial period of continuous presence, whereas § 1225(b) applies only where the individual is encountered "seeking admission" at the border or its functional equivalents. *Jennings v. Rodriguez*, 583 U.S. 281, 297–298 (2018); *Zumba v. Bondi*, No. 25-CV-14626 (KSH), 2025 WL 2753496 (D.N.J. Sept. 26, 2025) (distinguishing detention of "arriving aliens" under § 1225(b) from detention of persons apprehended in the interior whose presence in the United States was a settled and ongoing fact).

### III. ANALYSIS

The dispositive question presented is whether Respondents lawfully detained Petitioner under 8 U.S.C. § 1225(b)(2)(A), or whether his detention is governed by 8 U.S.C. § 1226(a), thereby entitling him to an individualized bond hearing. The Court concludes that § 1226(a) applies.

Although Petitioner initially presented himself at a port of entry in 2022, the detention challenged in this habeas petition arose more than three years later, after Petitioner had been released, resided continuously in the United States, and appeared at a USCIS office in Newark, New Jersey pursuant to agency direction. (ECF No. 2 at 12.) Petitioner was not apprehended at the border or its functional equivalent, nor was he encountered while "seeking admission" within the meaning of § 1225(b). Rather, he was arrested in the interior of the United States following a positive credible fear determination. (ECF No. 2 at 12.)

The Supreme Court has made clear that Section 1225(b) applies only to applicants "seeking admission," within the nexus of the border of the United States *Jennings*, 583 U.S. at 297-298. By contrast, § 1226 applies where DHS encounters a noncitizen within the interior after admission or after a substantial period of continuous presence. *Id.* at 288-289. Applying § 1225(b) to an individual apprehended in the interior after years of continuous presence stretches the statutory text beyond its permissible bounds. Indeed, nothing in § 1225(b) or its interpretive case law permits DHS to treat Petitioner as an arriving alien engaged in inspection. *See Jennings*, 583 U.S. at 297-298; *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *5–6 (D.N.J. Oct. 22, 2025).

Respondents' reliance on recent agency guidance or administrative precedent does not alter this conclusion. (*See* ECF No. 6 at 17-18.) While DHS retains discretion in charging and enforcement decisions, it may not expand mandatory detention beyond the limits imposed by Congress. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400–01, 144 S.Ct. 2244, 219

L.Ed.2d 832 (2024) (while "agencies have no special competence in resolving statutory ambiguities," "[c]ourts do"). Where, as here, the statutory text forecloses application of § 1225(b), detention under that provision exceeds lawful authority and is subject to habeas relief. *See Zumba*, 2025 WL 2753496 at 11.

Because Petitioner was apprehended in the interior after a prolonged period of residence, his detention is governed by § 1226(a). Detention under that provision is discretionary and includes the right to an individualized bond determination before an immigration judge. *See Demore*, 538 U.S. at 523; *Jennings*, 583 U.S. at 296; *Bethancourt*, 2025 WL 2976572, at *7–8.

Accordingly, Petitioner's continued detention without access to a bond hearing violates the INA. The appropriate remedy is a statutorily proper bond hearing pursuant to § 1226(a) at which the Government bears the burden of justifying continued detention.

## IV. CONCLUSION

For the foregoing reasons, the Court holds that Petitioner's detention is governed by 8 U.S.C. § 1226(a) and that his continued detention without an individualized bond hearing is unlawful. The Petition for a Writ of Habeas Corpus (ECF No. 2) is GRANTED IN PART. Within seven days, Respondents shall provide Petitioner with a prompt bond hearing before an Immigration Judge at which the Government bears the burden of justifying continued detention. If such a hearing is not provided within the time prescribed by the accompanying Order, Petitioner shall be released subject to appropriate conditions of supervision.

An appropriate Order follows.

Dated: 12/18/25

Hon. Karen M. Williams,
United States District Judge